IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARIAN LAMAR SELF,

    Plaintiff,

v.                                                     CIVIL ACTION NO.: CV614-051

DELVIN LOGAN; STEVE DOTSON, and
RALPH KEMP, Deputy Commissioner,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly housed at Jenkins Correctional Facility in Millen, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding against employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he was in a cell one night and the sewage backed up into his cell. Plaintiff contends that another inmate flushed the toilet in his cell, causing the sewage in Plaintiff's cell to explode, which caused Plaintiff and his belongings to be covered in sewage. Plaintiff asserts that he was not provided with any cleaning chemicals, clean linens, or a shower, and his request to be relocated was denied. Plaintiff contends that he was forced to sleep in the raw sewage all night. Plaintiff alleges that Defendant Kemp, the Warden, saw the mess the next day and promised to provide Plaintiff with chemicals but did not. Plaintiff also alleges that he was able to get some bleach later that day. Plaintiff asserts that he filed a grievance about this matter, and Defendant Dotson denied his grievance but informed Plaintiff that, if this ever occurred again, the issue had been addressed. Plaintiff contends that "the defendant's (sic) also seen (sic) and knows (sic) the situation that took place[.]" (Doc. No. 1, p. 6).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under

AO 72A
(Rev. 8/82)

42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff makes no factual allegations against Defendant Logan, and his claims against Defendant Logan should be **dismissed**.

In addition, Plaintiff cannot sustain a cause of action against Defendant Dotson based on his denial of Plaintiff's grievance. Asad v. Crosby, 158 F. App'x 166 (11th Cir. 2005) (upholding district court's granting of summary judgment on Plaintiff's claim that defendants denied the plaintiff's grievances); see Pressley v. Beard, No. 3:CV-04-2535, 2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials because officials failed to take corrective action following the plaintiff's unsuccessful grievance). Defendant Dotson should be **dismissed** as a named Defendant.

Further, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk

AO 72A
(Rev. 8/82)

to inmate health and safety. Id. at 834. "A plaintiff seeking to show unconstitutional conditions must clear a 'high bar' by demonstrating 'extreme deprivations.'" Ellis v. Pierce Cnty., Ga., 415 F. App'x 215, 215 (11th Cir. 2011) (quoting Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004)). As Plaintiff has failed to meet this burden, his putative Eighth Amendment claim against Defendant Kemp should be **dismissed**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)